UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DANIEL CORRING                                                                    PLAINTIFF

VERSUS                                                                    1:13CV97-HSO-RHW

RONALD KING                                                                    DEFENDANT

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court are Daniel Corring's March 27, 2013 [1] Petition for Writ of Habeas
Corpus pursuant to 28 U.S.C. § 2254;  Respondent's May 3, 2013 [8] Motion to Dismiss for
failure to exhaust state court remedies;  and Corring's May 23, 2013 [9] Response to
Respondent's Motion to Dismiss.  Petitioner is currently in the custody of the Mississippi
Department of Corrections following a conviction for one count of armed robbery and two counts
of kidnaping.  Upon review and consideration of the pleadings, records on file, and relevant legal
authority, the undersigned is of the opinion that the Motion to Dismiss should be granted and that
the petition for federal habeas relief should be denied.

The instant petition is based upon the following claims:  (1) Petitioner was convicted
under the wrong name because court documents list his name with all capital letters rather than
both capital and lowercase letters;  (2) the prosecution was allowed to make a sentencing
recommendation contrary to Petitioner's understanding of sentencing procedure;  (3) Petitioner's
attorney rendered ineffective assistance of counsel;  and (4) Petitioner has pending civil lawsuits
against staff members of the Pearl River County Jail and against the South Mississippi
Correctional Institution for deliberate indifference related to medical care.

**FACTS AND PROCEDURAL HISTORY**

Corring pleaded guilty to armed robbery (Count I) and two counts of kidnaping (Counts II and III) in the Circuit Court of Hancock County, Mississippi, on September 15, 2011. The trial court sentenced Petitioner to a term of 50 years on Count I, with concurrent terms of 30 years on Counts II and III. The trial court ordered Petition to serve 30 years in the custody of the Mississippi Department of Corrections, with the remaining 20 years suspended, and five years post-release supervision.

Corring filed a motion for post-conviction relief on May 7, 2012. The Circuit Court of Hancock County denied post-conviction relief on November 2, 2012. Corring did not appeal this decision to the Mississippi Supreme Court.

**LAW AND ANALYSIS**

Respondent requests that the instant petition be dismissed with prejudice for Petitioner's failure to exhaust state remedies. Specifically, Respondent asserts that Petitioner has not presented his claims to the Mississippi Supreme Court; therefore, his claims have not been presented to the state's highest court in a procedurally proper manner and are barred from federal habeas review. Moreover, Respondent argues that Petitioner would be procedurally barred from exhausting his state remedies at this time.

Section 2254 provides in pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that... the applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A). Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under

2

the law of the State to raise, by any available procedure, the question presented." § 2254(c).

Prisoners must give state court systems the full opportunity to resolve federal constitutional

claims through the established state appellate review process prior to filing in federal court.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Generally, the prisoner must present his

claims before the state's highest court in a procedurally proper manner.  *Id.*  Petitioner has

admitted that he did not fully seek review through Mississippi's appellate process in that he did

not appeal the denial of this motion for post-conviction relief.  Accordingly, by his own

admission, he has not exhausted his state remedies and therefore his petition should be

dismissed.

      Even if Petitioner were to attempt to exhaust at this time, the Mississippi courts would

find his claims to be procedurally barred.  The Mississippi Rules of Appellate Procedure require

an appeal to be filed within thirty days after the entry of judgment.  M.R.A.P. 4(a).  Petitioner did

not file an appeal within 30 days of the trial court denying his motion for post-conviction relief.

In fact, he did not file any appeal whatsoever.  An appeal at this late date would be untimely.

Under Mississippi law, the denial of Petitioner's post-conviction relief is deemed a final

judgment, and Petitioner is barred from filing a second or successive motion.  *See* Miss. Code

Ann. § 99-39-23(6).

      Federal courts are barred from reviewing claims that are rendered unavailable in state

court by the petitioner's own default.  *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  A state

procedural ground is presumed to be adequate and independent.  *Hughes v. Johnson*, 191 F.3d

607, 614 (5th Cir. 1999).  To overcome this presumption, it is the Petitioner's burden to show

that the procedural rule is not "strictly and regularly" followed.  *Sones*, 61 F.3d at 416; *Martin v.*

*Maxer*, 98 F.3d 844, 847 (5th Cir. 1996). The Fifth Circuit has held that Mississippi Code § 99-39-23(6) barring successive motions is an adequate and independent state bar. *See Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). Corring has not demonstrated that Mississippi does not strictly and regularly follow the provisions of Mississippi Code § 99-39-23(6). If, as in this case, a petitioner fails to exhaust administrative remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas relief. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).

This Court may review the merits of the instant petition notwithstanding Corring's failure to exhaust state remedies if he can show cause for non-exhaustion and prejudice, or if he can show that failure to consider the merits of his petition would result in a fundamental miscarriage of justice. *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005). Corring does not demonstrate cause for his failure to exhaust state remedies. He states that until recently he was unaware of the process by which to seek further review. However, ignorance of the law does not justify exceptions to legal requirements. *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Corring also suggests that seeking relief would only anger the reviewing judge. His fear of incurring judicial anger is not sufficient justification for failure to appeal. Corring has failed to identify any external factor that impeded his efforts to pursue further review of his claim. *See Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991) (petitioner's ignorance of legal theory was found to not be cause overcoming a state procedural bar). Because he has not demonstrated cause, the Court will forego consideration of the issue of prejudice.

The fundamental miscarriage of justice exception is limited to petitioners showing innocence as a matter of fact. *Fairmen v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Corring cannot demonstrate a fundamental miscarriage of justice because he does not make any claim of innocence. In fact, he entered a guilty plea. Petitioner does not dispute that he has not exhausted state remedies and does not offer any alternative avenue by which to do so. Because Corring has not exhausted state remedies, and is incapable of doing so at this stage in the proceedings, his claims are procedurally barred. The undersigned concludes that the motion to dismiss should be granted.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the [8] Motion to Dismiss be GRANTED, and that Corring's petition for writ of habeas corpus be dismissed with prejudice as procedurally barred.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

So ordered this the 17th day of July 2013.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE